IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDMON GASAWAY[1], | : |
| Petitioner | : |
| | : CIVIL NO. 1:11-CV-1970 |
| v. | : Hon. John E. Jones III |
| WARDEN, FCI ALLENWOOD, | : |
| Respondent | : |

## **MEMORANDUM**

October 27, 2011

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Edmon Gasaway ("Petitioner" or "Gasaway"), an inmate presently confined at the Ray Brook Federal Correctional Institution ("FCI Ray Brook") in Ray Brook, New York, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1.) Gasaway filed his Petition in the United States District Court for the Northern District of New York. Based upon the transferee court's determination that the Petition

---

[1] In his Petition, and in his previous cases filed with this Court, *Gasaway v. Holder*, Civil No. 4:09-1687 (McClure, J.); *Gasaway v. United States of America, et al.,* Civil No. 4:10-CV-1563 (McClure, J.); and *Gasaway v. Ebbert*, Civil No. 4:10-CV-1615 (McClure, J.), Petitioner identifies himself as "Edmon Gasaway." However, the Bureau of Prisons identifies him as "Edmond Gasaway." *See* BOP Inmate Locator, available at http://www.bop.gov/iloc2/LocateInmate.jsp.

challenges something other than Gasaway's present physical confinement, namely the confiscation of his tax papers while he was confined at the Federal Correctional Institution Allenwood ("FCI Allenwood") in White Deer, Pennsylvania, which is located in this District, and names the Warden of FCI Allenwood as the respondent, the transferee court found that the Middle District of Pennsylvania is a more appropriate venue for this action, and thus, by Order dated October 21, 2011, it directed the transfer of this case under the provisions of 28 U.S.C. § 1406(a). The case was opened in this Court on October 24, 2011.

As observed by the transferee court in its October 21 Order, Gasaway neither has paid the required filing fee for this action nor filed an application to proceed *in forma pauperis*. (*See* Doc. 3 at 1.) We normally would issue an administrative order directing Gasaway either to pay the fee or file an application to proceed *in forma pauperis* within thirty (30) days. However, because we find upon review of the Petition that its dismissal without prejudice to any right Gasaway may have to reassert his claims in a properly filed civil rights action is appropriate, we shall grant him *in forma pauperis* status for the sole purpose of filing the Petition and summarily dismiss the Petition on screening.

I.  **FACTUAL BACKGROUND**

In his Petition, which was filed in the Northern District of New York on July 6,

2011, Gasaway alleges that, on March 15, 2010, while he was incarcerated at FCI Allenwood, officers of the Federal Bureau of Prisons ("BOP") entered his cell and removed papers from his locker, including tax documents. (Doc. 1 at 3-4.) When Gasaway inquired about the confiscation, he allegedly was told that instructions had been issued from the Special Investigative Services ("SIS") Unit to remove the papers, and he was given a confiscation form to sign. (*Id.* at 4.) Gasaway filed administrative remedies through the BOP Central Office level, copies of which are attached to the Petition, in which he claimed that his tax documents were not contraband and that he needed them for an ongoing administrative process with the Internal Revenue Service ("IRS") relating to the processing of his tax returns from 2006 through 2008. (*Id.* at 3-5, 18-24.) Gasaway alleges that the failure to return the tax documents to him constitutes a violation of BOP policy. (*Id.* at 5.)

On December 13, 2010, Gasaway filed an administrative tort claim under the provisions of 31 U.S.C. § 3723, which provides for the payment of claims "caused by the negligence of an officer or employee of the U.S. Government acting within the scope of employment." (*Id.* at 6, 27-28.) In his claim, Gasaway sought $300.00 for the alleged personal property loss sustained upon the confiscation of his tax documents. (*Id.*) By letter dated June 8, 2011, BOP Regional Counsel Henry J. Sadowski notified Gasaway that no settlement was being offered inasmuch as

investigation revealed that he was not permitted to possess the confiscated documents, and there was no evidence that he experienced a compensable loss as the result of negligence on the part of any BOP employee. (*Id.* at 28, 6/8/11 letter.) The letter also advised Gasaway that, although judicial review for claims decided pursuant to 31 U.S.C. § 3723 is unavailable, he could request reconsideration of his claim by the BOP in writing. (*Id.*) Attached to Gasaway's Petition is a copy of his letter dated June 21, 2011 seeking reconsideration of the denial of his claim by the BOP. (*Id.* at 29-30.) Gasaway does not indicate in his Petition whether he received a response to his request for reconsideration.

As relief in the instant Petition, Gasaway requests the return of his tax documents, and if those documents have been destroyed, he requests that this Court direct the BOP to compensate him for the property "for an estimated sum certain determined by the court as the court deems appropriate and fair, as to what the returns may have been for the years stated." (*Id.* at 7.) He also requests a trial by jury. (*Id.*)

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions through Rule 1(b)). *See, e.g., Patton v.*

4

*Fenton,* 491 F.Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself." *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied,* 400 U.S. 906 (1970). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Id.*

The purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge either the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer*, 288 F.3d at 540 (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv. L.Rev. 1551, 1553 (2001)). However,

when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Leamer*, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

In its October 21 Order, the transferee court observed that, while the instant action was commenced as a petition seeking habeas relief under the provisions of 28 U.S.C. § 2241, where Gasaway is seeking injunctive relief in the form of the return of his tax documents, and monetary damages, it is possible that he actually is attempting to assert a *Bivens*[2] claim. (*See* Doc. 3 at 2.) However, the transferee court determined that venue was more appropriate in this District regardless of whether the instant action is more appropriately classified one seeking habeas relief, or as a civil rights action, and thus, it left the determination as to the proper classification of the instant action to this Court. (*See id.* at 3.)

Upon review of the Petition, it is apparent that Gasaway's challenge to the confiscation of his tax documents does not constitute a challenge to the fact or duration of his confinement. Rather, it is a challenge to the conditions of his

---

[2]*Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* actions are the federal counterpart to § 1983 claims brought against state officials. *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) (citing *Brown v. Philip Morris Inc.,* 250 F.3d 789, 800 (3d Cir. 2001)).

6

confinement. Moreover, because he is seeking to impose liability in the form of money damages due to the deprivation of certain rights and privileges, the appropriate remedy is to file a *Bivens*- styled complaint under the provisions of 28 U.S.C. § 1331. Accordingly, the Petition will be dismissed without prejudice to any right Gasaway may have to reassert his present claims in a properly filed civil rights action.[3] An appropriate Order will enter.

---

[3] The Court expresses no opinion as to the merits, if any, of any civil rights claims Petitioner may file based upon the facts asserted in the instant Petition.